# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 02-30543
Summary Calendar

_____


ELDRIDGE HARMON,

Plaintiff-Appellant,

versus

GEORGE HINDEL, Business Agent for Local 201;
LAWRENCE E GOLD, Attorney for the "International"
AFL-CIO; FRANK J POLOZOLA, Chief Judge
for the United States District Court;
JOHN ASHCROFT, US ATTORNEY GENERAL;
BRIAN JACKSON, United States Attorney,

Defendants-Appellees.

----------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(01-CV-1140)

----------------------------------------------------------

November 13, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Eldridge Harmon ("Harmon") appeals the district court's decision dismissing the current suit as frivolous and for lack of subject matter jurisdiction ("April 22, 2002 decision").[1]  Harmon also appeals a district court's dismissal of Eldridge Harmon v. Employment Opportunity Commission, et al., CV 01-921-B-3 (M.D. La. November 7, 2001) on identical grounds ("November 7, 2001 decision").  Lastly, Harmon appeals the denial of his application for a writ of mandamus by a panel of this Court.

DISCUSSION

Harmon argues that the district courts and the panel abused their discretion in dismissing his suits and denying his application for a writ of mandamus. We will address each decision in turn.

November 7, 2001 Decision

In  Harmon v. EEOC, Harmon filed a motion for declaratory judgment seeking to have the court settle disputes in Berger  v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395 (D.C. Cir. 1988).[2]  The district court noted that "not only does this Court not have jurisdiction to review a decision of another district court, but that it [was] clear that [the] case was appealed to the District of Columbia Court of Appeals and writs were denied by the United States Supreme Court." The district court further noted that because "a final decision has already been rendered which is binding

---

[1]As a preliminary matter, we grant Harmon's motions to file his brief in its present form and to waive the requirement that he file record excerpts.

[2] In Berger, the plaintiffs filed a class action suit twenty-seven years ago, of which Harmon was a member, alleging that various unions discriminated against black rodmen by adopting barriers to union membership that had a disparate impact on experienced black rodmen. In 1985, the trial court found the various unions liable for violations of Title VII and § 1981.  In 1995, after years of review by a special master as to damages, the district court issued a Memorandum and Order regarding the damages to be awarded to the class members. Harmon, along with other class members, challenged the damages award. Harmon was awarded $2,500.00 in compensatory damages and backpay of $39,000.  Following the denial of relief in the D.C. Circuit and Supreme Court, Harmon brought various actions in the U.S. District of Columbia, Fourth Circuit, United States District Court of Texas, and the current suits, seeking further redress.

on the plaintiff[,] it cannot be changed or reviewed by this Court." As a result, the district court dismissed the suit as frivolous and for lack of jurisdiction.

Harmon never appealed the November 7, 2001 decision, seeking instead to institute the current suit. As such, we need not consider whether the district court abused its discretion in dismissing the suit as frivolous and for lack of jurisdiction.

April 17, 2002 Decision

Noting that Harmon sought to review matters pertaining to the Berger case, the district court, applying the reasoning of the November 7, 2001 decision, dismissed the suit as frivolous and for lack of subject matter jurisdiction. The district court further warned Harmon that it would impose sanctions if he attempted to litigate any matters related to claims previously decided in the Berger case. We hold that the district court did not abuse its discretion.

Denial of the Writ of Mandamus

We need not consider whether the panel abused its discretion in denying Harmon a writ of mandamus because Harmon never filed a motion to rehear or reconsider the decision.

CONCLUSION

We affirm the district court's decisions and deny Harmon's remaining pending motions before this Court.

AFFIRM.